UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JUAN JOSE ARREDONDO, III, § § Plaintiff, § VS. § CIVIL ACTION NO. 2:14-CV-44 § ECOLAB INC.; dba NALCO ENERGY § SERVICES LP, § § Defendants. § | |

**ORDER REJECTING IN PART AND ADOPTING IN PART**
**MEMORANDUM AND RECOMMENDATION**

Arredondo sued Ecolab Inc. d/b/a Nalco Energy Services (Nalco) for Family and Medical Leave Act (FMLA) retaliation after being terminated. D.E. 1. Nalco denies the claim, seeking summary judgment on the bases that: (1) Plaintiff never requested or took FMLA leave; (2) there is no evidence that Plaintiff was discharged because he sought or took FMLA leave; and (3) Nalco had a legitimate, non-pretextual reason for terminating Arredondo's employment—job abandonment when he failed to appear for work for several days without giving notice. D.E. 19, p. 19.

On January 27, 2015, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation that summary judgment be granted. The Memorandum and Recommendation reasons that Arredondo failed to establish a prima facie case that he was entitled to any relief under the FMLA because there was insufficient evidence that his health condition qualified for FMLA protection. Arredondo timely filed his objections on February 3, 2015, to which Nalco responded. D.E. 35, 36.

First, Arredondo objects to the Magistrate Judge's decision to overrule his objections to Nalco's affidavits. *See* D.E. 34, p. 1 n.1. According to Arredondo, the affidavits, on their face, reflect that they are not based on the affiant's personal knowledge. Because they recite "information and belief," Arredondo contends that they violate the requirements of Fed. R. Civ. P. 56(c)(4) and (e), citing *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003), *Lejeune v. Production Services Network U.S., Inc.*, No. 11-2482, 2014 WL 3587495, *3 (E.D. La. July 21, 2014), and *Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994).

Nalco argues that any defect in the declarations that were initially filed was cured with affidavits that recite that they are based on personal knowledge. Nalco suggests that their representation that the information is truthful and accurate to the best of the affiant's knowledge and belief is merely additional reassurance of the veracity of the matters stated. Furthermore, Nalco refers to Arredondo's deposition testimony in which he attests to his interactions with the three Nalco affiants regarding his health and need for leave, which is the basis for their personal knowledge of the events addressed. Nalco had confronted Arredondo with the documents attached to the affidavits at his deposition and he had an opportunity to refute their authenticity. Instead, he testified about them as genuine documents.

After reviewing the affidavits, the Court concludes that they demonstrate on their face that they are based on personal knowledge. Nothing in the affidavits appears to adopt anyone else's representations or to make conclusions on assumed facts. Merely including "information and belief" that the testimony was true and accurate does not

negate the personal knowledge otherwise demonstrated. Thus each of Arredondo's cited authorities is distinguishable because the objectionable content of the affidavits in those cases was based entirely on information and belief rather than on any personal knowledge. While inartful, the affidavits contain admissible testimony and the Court **OVERRULES** Arredondo's objection to their admissibility.

Second, Arredondo objects because the Memorandum and Recommendation recommends that summary judgment be granted on an issue that was not raised by Nalco's motion: that Arredondo's medical condition did not qualify for FMLA relief. Treated as a sua sponte granting of summary judgment, Arredondo objects that he did not have proper notice and opportunity to be heard on the issue actually under consideration. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (sua sponte summary judgment only proper where the losing party was on notice that evidence needed to be submitted); *O'Hara v. General Motors Corp.*, 508 F.3d 753, 764 (5th Cir. 2007) (applying the harmless error rule where losing party was able to submit its evidence or where it acknowledged that it had no additional evidence).

Nalco responds that, when it challenged whether Arredondo requested or took FMLA leave, part of that issue is whether any leave that he asked for or took qualified for FMLA treatment. Nalco further argues that, because Arredondo had passed his Department of Transportation medical examination, it was not aware that he might have a serious medical condition requiring time off of work. And the medical conditions to which Arredondo testified in his deposition were not serious and had resolved before the

leave at issue in this case or had been of short duration.  Any complaint to the contrary, Nalco asserts, is conclusory and unsupported by evidence.

A prima facie case of FMLA retaliation requires that the plaintiff demonstrate:  (1) he was protected by FMLA; (2) he was subject to an adverse employment decision; and either (3) he was treated less favorably than an employee who had not requested leave under FMLA or the adverse decision was made because he took FMLA leave.  29 U.S.C. § 2615(a)(2); *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008); *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 768 (5th Cir. 2001). While Nalco challenged the first requirement—that Arredondo was protected by FMLA—that challenge was not based on any dispute whether Arredondo suffered from a "serious medical condition."  D.E. 19, p. 19.  Rather, after a careful reading of Nalco's summary judgment motion, it is abundantly clear that it challenges the first requirement only on the basis that Arredondo had not demonstrated that he was protected by FMLA because he never gave notice sufficient to reasonably apprise Nalco that he was seeking leave under FMLA or for a serious medical condition.

This is not a distinction without a difference.  As Nalco notes, the Fifth Circuit in *Towns v. Northeast Mississippi Electric Power Ass'n*, 478 F. App'x 244, 247 (5th Cir. 2012) (per curiam), observed that the first issue in an FMLA retaliation case has two sub-parts:  (1) whether notice was given, sufficient to apprise the employer of the employee's request for leave as being one for a serious medical condition; and (2) the employee, in fact, had a serious medical condition qualifying for FMLA protection.  D.E. 36, p. 14. Nalco complained that Arredondo never sought leave, never gave notice of a serious

medical condition, and never asked his physicians to give notice of a serious medical condition.

In essence, Nalco claims to be ignorant that Arredondo's health issues might be serious and that he needed leave. This is a contention belied by its own inter-office email in which Adam Espinoza wrote to Raymond Carpenter,

> Can I get you to call Joe [Arredondo] and see what's going on. He has missed a lot of days the last 3 weeks. It seems like every time he calls in it's a medical issue. See if he needs to take a leave of absence for a while and get us a relief driver.

D.E. 24-3. To qualify as FMLA notice, an employee is not required to show that the term "FMLA" was used. *Saenz v. Harlingen Medical Center, L.P.*, 613 F.3d 576, 583 (5th Cir.2010). Instead, the notice needs to reasonably apprise his employer of his medical needs—enough to put the employer on inquiry whether the FMLA applies. *Towns, supra* at 247; *Lanier v. University of Texas Southwestern Medical Center*, 527 Fed. App'x 312, 316 (5th Cir. 2013) (requiring only that employee give notice sufficient to reasonably apprise the employer that leave could be needed under FMLA). As the Magistrate Judge found, there is some evidence sufficient to create a fact issue that Nalco had reason to inquire whether Arredondo was eligible for FMLA leave and Nalco is not entitled to summary judgment on this basis. D.E. 34, p. 10 ("Given the discrepancies, the undersigned finds there is a fact issue as to whether Plaintiff's notice was sufficient and declines to resolve matters of credibility during the summary judgment phase.").

While the Magistrate Judge then went on to consider whether Arredondo had demonstrated that he suffered from a serious medical condition protected by FMLA, not once in its motion did Nalco challenge that issue. Every time Nalco mentioned Arredondo's health, it was only in the context of whether timely notice of the need for an absence from work was being given. Because Nalco challenged only the first issue (notice), the Magistrate Judge's recommendation that the motion be granted on the second issue (serious medical condition) was improper.

While, ultimately, Arredondo will have to demonstrate that he, in fact, suffered from a serious medical condition qualifying for FMLA protection, he was not on notice that he would have to do so in the context of the summary judgment procedure before the Court. The Court **SUSTAINS** Arredondo's second objection and rejects the Magistrate Judge's recommendation that Nalco's summary judgment be granted because Arredondo did not suffer from a serious medical condition protected by FMLA.

Because the Court finds that the issue of serious medical condition was not subject to determination, the Court **OVERRULES** as moot Arredondo's third objection to the Magistrate Judge's failure to credit his evidence on that issue. While Nalco submits that summary judgment would have been proper on the remaining issues presented in its motion, the Magistrate Judge did not address those issues and the Court declines to do so in the first instance. The Court **ADOPTS IN PART** the Memorandum and Recommendation on the basis that Nalco's employee affidavits were admissible. The Court **REJECTS IN PART** the Memorandum and Recommendation on the basis that Arredondo has not demonstrated that he suffered from a serious medical condition that

qualifies for FMLA protection. The Court **REFERS** the summary judgment motion to the Magistrate Judge for further proceedings consistent with this Order.

ORDERED this 31st day of March, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE