UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN JOSE ARREDONDO, III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-44 |
| | § | |
| ECOLAB INC.; dba NALCO ENERGY | § | |
| SERVICES LP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendant's Motion for Summary Judgment. (D.E. 19 and D.E. 41). Plaintiff brings this suit against his former employer, asserting a single claim alleging retaliatory discharge from his employment in violation of the Family Medical Leave Act ("FMLA"). (D.E. 1). On January 27, 2015, the undersigned submitted a Memorandum and Recommendation ("M & R") recommending summary judgment be granted because Plaintiff failed to establish that his health condition qualified him for FMLA protection. (D.E. 34). United States District Judge Nelva Gonzales Ramos found this issue was not sufficiently raised by Defendant and was therefore not subject to determination. (D.E. 37) The motion was then referred to the undersigned for further proceedings. (D.E. 37). The parties were then ordered to address this issue and both parties filed supplemental briefing. (D.E. 38, D.E. 41-45 and D.E. 49-65). For the reasons stated below, the undersigned recommends the Motion be **DENIED**. (D.E. 19 and D.E. 41).

According to the FMLA, a "serious health condition" involves, in relevant part, continuing treatment by a healthcare provider, which includes a period of incapacity of more than three consecutive days or any period of incapacity or treatment for such incapacity due to a chronic serious health condition. 29 C.F.R. §§ 825.113, 114 and 115. Further, "incapacity" is an inability to work due to a serious health condition, treatment therefore, or recovery therefrom. *Id*. "Even with a mild to moderate impairment, an employee is still considered able to perform the functions of her position for FMLA purposes." *Ford-Evans*, 329 Fed. App'x at 528 (*citing Price v. Marathon Cheese Corp.*, 119 F.3d 330, 335 (5th Cir. 1997)). FMLA coverage applies only to health conditions that cause or threaten to cause "incapacitation" and where absence from work is necessary. *Id.* (*citing Mauder v. Metro. Transit Auth. of Harris Cnty.*, 446 F.3d 574, 581-82 (5th Cir. 2006)).

In this case, Plaintiff must demonstrate, in addition to sufficient notice, that he had a "serious health condition" that made him "unable to perform the functions" of his position. 29 U.S.C. § 2612(a)(1); *see also Ford-Evans v. United Space Alliance, LLC.*, 329 Fed. App'x 519 (5th Cir. 2009)(citation omitted). For the purposes of summary judgment, Plaintiff has now submitted sufficient arguments and records showing he was treated for cardiovascular issues beginning with a May 16-17, 2013 hospitalization and continued with treatment during the following six weeks. (D.E. 49-65). Further, it appears Plaintiff's treating physician restricted him from working from June 7, 2013 through June 14, 2013, the time Defendant contends Plaintiff was a "no show" at work resulting in his termination. (D.E. 53).

Therefore, the undersigned finds there is a fact issue as to whether Plaintiff's health condition qualified him for FMLA protection. As such, the undersigned recommends the Defendant's Motion for Summary Judgment be **DENIED**. (D.E. 19 and D.E. 41).

ORDERED this 20th day of April, 2015.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).